Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff entered into a contract to furnish electric energy to the Government at Camp Harry J. Jones, Arizona, The electricity was furnished, and the parties agree that the sole question for decision arises upon the contract provisions relative to the proper basis for measuring the electric energy that was supplied. The plaintiff claims payment based upon individual meter readings, while the contention for the Government is that payment should be made on the basis of a consolidated reading of the several individual meters. By adding together the monthly readings of the several meters and applying the rates fixed by the contract the bills would have amounted to less than they were when based on these individual readings. As is stated in the Government’s brief, “ for a number of years plaintiff had furnished electrical service at the camp under contracts identical in form to the one herein concerned. Payments had been based on individual reading.” Plainly, therefore, the contractor could suppose that the new contract would receive a like construction. • When it was executed these individual meters, thirty-one in number, were in use by the Government; they had been installed by plaintiff under the direction of the Government’s contracting officer; they had to be maintained and inspected and read. They were placed at particular places under direction of the contracting officer for the convenience and to meet the purposes of the Government. If the purpose had been to require a pnntsnlidated reading and payment on that basis, the con *272 tract could have so provided, but if the Government had insisted on such a provision, the contractor could also have insisted upon payment of the additional charge and service and reading involved in the maintenance and use of the thirty-one separate meters.
The plaintiff’s construction of the contract was not only in accordance with the understanding that had prevailed between the parties but was in accordance with the ruling of the Arizona Utilities Commission as applied to individuals. It recognizes the existence and authority of that body in the provision (par. 16) “ change of rates,” thereby securing a reduction or an increase in accordance with rates subsequently established by the commission. The Government could have contracted for lower rates than it agreed to pay. It could have contracted for special rates or for consolidated readings of the thirty-one individual meters. In a later contract some changes were made, but the coptract under consideration recognizes and mentions that more than one meter was necessary and it fails to provide for any other reading than individual readings. We do not find that the Government has been made to pay more than individuals or the general public would have been required to pay under similar circumstances. We think the plaintiff is entitled to recover its charges as well as for the deduction made from its earlier bills. And it is so ordered.
Geaham, Judge; Hat, Judge; Downey, Judge, and Booth, Judge, concur.